J-S61036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| STEPHEN MOSS, | : | |
| | : | |
| Appellant | : | No. 741 WDA 2014 |

Appeal from the PCRA Order April 4, 2014,
in the Court of Common Pleas of Mercer County,
Criminal Division, at No: CP-43-CR-0001492-2010

BEFORE:   FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 07, 2014**

Stephen Moss (Appellant) appeals from the April 4, 2014 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On September 1, 2010, Appellant was arrested and charged with persons not to possess firearms, possession of a small amount of marijuana, and possession of drug paraphernalia.  He was convicted by a jury of these charges on August 11, 2011, and was sentenced to a term of five to ten years' incarceration consecutive to any existing sentence.  Appellant timely filed a motion to modify the sentence as being excessive, which was denied.  Appellant timely appealed, and on August 2, 2012, a panel of this Court affirmed Appellant's judgment of sentence by concluding that Appellant failed to raise a substantial question concerning the discretionary aspects of

_____

*Retired Senior Judge assigned to the Superior Court.

his sentence. **See Commonwealth v. Moss**, 60 A.3d 556 (Pa. Super. 2012) (unpublished memorandum at 3).[1]

On June 17, 2013, Appellant filed, *pro se*, a PCRA petition. Counsel was appointed and an amended petition was filed. A hearing was held on April 3, 2014, and on April 4, 2014, the PCRA court entered an order denying Appellant relief. Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and Appellant complied.

On appeal, Appellant sets forth one issue for our review: "Whether the [PCRA court] erred in denying Appellant's post conviction relief petition alleging that trial counsel was ineffective for failing to raise on direct appeal the issues of sufficiency of the evidence and the denial of the omnibus motion on the grounds the Appellant asked counsel to raise those issues on appeal?"

Preliminarily we note that, in reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). This Court grants great deference to the findings

---

[1] We observe that the PCRA court mischaracterizes this Court's prior opinion. The PCRA court opined that "[t]he only issue raised in said appeal was the legality of the sentence." PCRA Court Opinion, 5/27/2014, at 2.

of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007). Furthermore, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA, which includes ineffective assistance of counsel. *See* 42 Pa.C.S. § 9543(a)(2)(ii).

In reviewing the PCRA court's denial of Appellant's claims of ineffective assistance of counsel, we bear in mind that counsel is presumed to be effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

On appeal, Appellant argues that

the PCRA Court has erred because it is not the PCRA Court's job to determine the merits of the issues once it has been shown that the Appellant's right to a direct appeal has been violated. Once the Appellant requested that his Trial Counsel raise the additional issues in his direct appeal, Trial Counsel should have included those issues in the appeal to allow this Honorable Superior Court to consider them.

Appellant's Brief at 8. Thus, Appellant requests that this Court "remand the case back to the trial level so that a proper direct appeal can be prepared pertaining to the sufficiency of the evidence and the denial of the omnibus motion." ***Id***.

It is well-settled that "an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." ***Commonwealth v. Johnson***, 889 A.2d 620, 622 (Pa. Super. 2005) (emphasis added) (*citing* ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795 (2005) (failing to file a Pa.R.A.P.1925(b) statement on behalf of an accused seeking to appeal his sentence, resulting in the waiver of all claims, constitutes an actual or constructive denial of counsel and entitles the accused to a direct appeal *nunc pro tunc* regardless of his ability to establish the merits of the issues that were waived); ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999) (failing to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and the accused is entitled to reinstatement of his direct appeal rights)). ***See Commonwealth v. Franklin***, 823 A.2d 906 (Pa. Super. 2003) (holding that reinstatement of direct appeal rights was proper where the appellant's brief on direct appeal was so defective this Court found all issues to be waived). "In those extreme circumstances, where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not his client." ***Commonwealth v. West***, 883 A.2d 654, 658 (Pa. Super. 2005).

However, it is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. ***See Johnson***, ***supra***. Where a petitioner was not entirely denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. ***See Halley***, 582 Pa. at 172, 870 A.2d at 801

(noting the significant difference between "failures that completely foreclose appellate review, and those which may result in narrowing its ambit"); **Johnson**; **supra** (noting this Court has expressly distinguished between those cases where a PCRA petitioner is entitled to a direct appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal); **Commonwealth v. Ginglardi**, 758 A.2d 193 (Pa. Super. 2000) (indicating that where two of the three issues presented on direct appeal were waived the relief afforded under **Lantzy** was unavailable to a PCRA petitioner). In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.

**Commonwealth v. Grosella**, 902 A.2d 1290, 1293-94 (Pa. Super. 2006).

Thus, in this case, because appellate counsel did indeed perfect Appellant's direct appeal, it is necessary for Appellant to plead and prove the traditional three-prong test outlined in **Martin**, **supra**. Appellant's brief wholly fails to do so. Moreover, pursuant to **Grosella**, **supra**, the relief Appellant asks us to grant, the reinstatement of his right to direct appeal, is improper in this case. Accordingly, we hold that the PCRA court did not err as a matter of law in denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014