J-S04008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN CONLEY, | |
| Appellant | No. 320 WDA 2015 |

Appeal from the Order January 21, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0004013-1994

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED MARCH 18, 2016**

Shawn Conley appeals from the January 21, 2015 order that denied a request that his appellate rights be reinstated *nunc pro tunc*.  We affirm.

On November 6, 1995, Appellant was convicted by a jury of robbery, aggravated assault, a firearms violation, and conspiracy in connection with a crime that occurred on October 21, 1993.  He was sentenced on the day of his conviction, and, after Appellant's appellate rights were reinstated, we affirmed. ***Commonwealth v. Conley***, 711 A.2d 1038 (Pa.Super. 1998) (unpublished memorandum).  Appellant filed a timely PCRA petition, relief was denied, and we eventually affirmed. ***Commonwealth v. Conley***, 809 A.2d 954 (Pa.Super. 2002) (unpublished memorandum).  On July 27, 2012, Appellant filed a joint PCRA petition in this action number and in a case

---

* Retired Senior Judge assigned to the Superior Court.

where he had pled guilty to third-degree murder. Relief was denied, and we affirmed. *Commonwealth v. Conley*, 97 A.3d 808 (Pa.Super. 2014) (unpublished memorandum).

Appellant filed another PCRA petition in this action on July 15, 2014, relief was denied on September 22, 2014, and Appellant filed an appeal from that dismissal on October 14, 2014. We affirmed, finding that the July 15, 2014 petition was untimely filed. *Commonwealth v. Conley*, 1917 WDA 2014 (filed January 27, 2016).

On October 31, 2014, Appellant filed a *pro se* document docketed as a motion to reinstate his appellate rights. *See* Docket Entry 105. The October 31, 2014 document appears in the record and actually was a letter from Appellant asking about the status of a motion for reinstatement of his appellate rights that he averred was filed "over 30 days ago." Letter, 10/31/14, at 1. As the Commonwealth notes in its brief filed herein, no September 2014 petition appears in the certified record. To his reply brief, Appellant attaches a copy of a petition for reinstatement of his appellate rights and a cash slip indicating that it was mailed from prison on September 15, 2014. In that brief, Appellant also suggests that he asked the PCRA court to have the certified record corrected. Appellant's reply brief at 3.

On December 22, 2014, Appellant filed a *pro se* motion to compel with this Court indicating that he filed for reinstatement of his appellate rights *nunc pro tunc* on September 25, 2014, rather than September 15, 2014,

and asking that we order the PCRA court to resolve the motion. We forwarded the December 22, 2014 motion to the PCRA court for review. On January 21, 2015, the court issued an order denying Appellant's request for reinstatement of his appellate rights *nunc pro tunc*. The next day, Appellant filed a supplement to his request for reinstatement of his appellate rights and then the present, *pro se* appeal from the January 21, 2015 order. The record additionally contains a *pro se* motion for discovery that Appellant filed on May 8, 2015.

Appellant's plethora of *pro se* documents has created a procedural quagmire.[1] Assuming, for the sake of argument, that Appellant did file a motion seeking *nunc pro tunc* reinstatement of his appellate rights on September 15, 2014 or September 25, 2014, then the PCRA court lost jurisdiction to consider that petition once Appellant filed his October 14, 2014 appeal from the denial of his July 15, 2014 PCRA petition. Pa.R.A.P. 1701(a) (with exceptions inapplicable herein, "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.").

On the other hand, if the petition for reinstatement of appellate rights is considered to have been filed as reported on the docket, which was October 31, 2014, then that petition was filed after the October 14, 2014

---

[1] Appellant filed numerous *pro se* motions with this Court.

appeal was taken from the denial of Appellant's July 15, 2014 PCRA petition. In that case, the October 31, 2014 petition properly was dismissed pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000) (holding that a subsequent PCRA petition cannot be filed during pendency of an appeal from the dismissal of a prior PCRA petition); **see also Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012) (under **Lark**, a PCRA court cannot "entertain a new PCRA petition when a prior petition is still under review on appeal"). In either situation, the PCRA court did not have jurisdiction over Appellant's request for reinstatement of his appellate rights at the time that Appellant filed his motion to compel resolution of the petition. Relief therefore properly was denied.

In his reply brief, Appellant asserts that he filed the petition seeking reinstatement of his appellate rights *nunc pro tunc* on September 15, 2014, and claims that he wanted the appeal from the denial of that petition consolidated with the appeal from the denial of his July 15, 2014 PCRA petition. He seeks to avoid application of **Lark** on the basis that he wanted the July 15, 2014 and September 15, 2014 requests for PCRA relief to be decided concurrently and to appeal them simultaneously. This position is untenable since the PCRA court was not required to rule on his petition for reinstatement of his appellate rights immediately upon its filing.

Assuming, *arguendo*, that Appellant can avoid application of **Lark**, he has failed to properly invoke our jurisdiction. It is settled law that "all

requests for reinstatement of appellate rights . . . must meet the timeliness requirements of the PCRA." *Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa.Super. 2002) (citing *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999) (petition seeking restoration of appellate rights must be brought in a timely PCRA petition)). If a PCRA petition is untimely, this Court lacks jurisdiction over the petition. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014); *see also Commonwealth v. Chester*, 895 A.2d 520 (Pa. 2006).

Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). We expressly ruled in the *Conley* decision filed on January 27, 2016, that Appellant's judgment of sentence became final on February 25, 1998, and that Appellant had until February 25, 1999, to file a timely PCRA petition. There are three exceptions to the one year time bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's present prayer for relief involves the fact that the former Judge Joseph Jaffe, who presided over the issue of whether this action should proceed in juvenile court, was sentenced in 2003 for extortion. Appellant claims the jurist solicited a bribe from him and retaliated against him by ruling against Appellant after Appellant refused to pay that bribe. He also avers that the bribery conviction somehow vitiated the proceedings herein. Appellant invokes the newly-discovered fact exception of § 9545(b)(ii), and he also suggests that Judge Jaffe interfered with his ability to present the claim and relies upon § 9545(b)(i).

The purported solicitation of a bribe is not a fact that was unknown to Appellant. He was aware of this fact in 1994, when the issue of whether he should be tried as an adult was being litigated, and it is not newly-discovered. Likewise, Appellant cannot successfully invoke the newly-discovered fact exception due to Judge Jaffe's federal conviction since it was widely publicized when it occurred in 2003. *Commonwealth v. Taylor*, 67 A.3d 1245 (Pa. 2013). Finally, Judge Jaffe could not have interfered in any way with Appellant's ability to raise his present issues in his previous PCRA

petitions since that jurist was no longer on the bench by 2003. Thus, Appellant's petition is untimely.

Finally, we observe that Appellant cannot obtain reinstatement of his appellate rights because he already had those rights reinstated and had the benefit of a direct appeal. *See Commonwealth v. Grosella*, 902 A.2d 1290 (Pa.Super. 2006). For the foregoing reasons, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016