COMMONWEALTH of Pennsylvania, Appellee

v.

Secundino GROSELLA, Appellant.

Superior Court of Pennsylvania.

Submitted June 12, 2006.

Filed July 10, 2006.

Secundino Grosella, appellant, Pro Se.

Mark G. Giannotti, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: STEVENS, ORIE MELVIN, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant Secundino Grosella purports to appeal *nunc pro tunc* from his October 22, 2003 judgment of sentence, which was entered in the Court of Common Pleas of York County.[1] Appellant contends (1) the evidence was insufficient to sustain his convictions and (2) the trial court abused its discretion in sentencing him. We conclude the PCRA[2] court erred in reinstating Appellant's direct appeal rights, and therefore, we reverse and remand to the PCRA court for proceedings consistent with this decision.

¶ 2 The relevant facts and procedural history are as follows: Appellant was involved in a shooting, which occurred in a bar in Philadelphia. On September 17, 2003, a jury convicted Appellant of two counts of aggravated assault[3] and one count of firearms not to be carried without a license.[4] On October 22, 2003, the trial court sentenced Appellant to an aggregate of twenty years to forty years in a state correctional institution.

¶ 3 Appellant filed a *pro se* PCRA petition on October 28, 2003, and a *pro se* direct appeal to this Court on October 30, 2003. The trial court dismissed the PCRA petition, without prejudice, as being prematurely filed, and Appellant's direct appeal proceeded. Appellate counsel was appointed, and in response to a trial court order, he filed a Pa.R.A.P.1925(b) statement, along with two supplemental statements, raising a total of five issues. Appellate counsel subsequently abandoned all but one of the issues, resulting in a single issue being presented on direct appeal. Specifically, Appellant's sole allegation was that trial counsel was ineffective in failing to challenge Appellant's co-defendant's invocation of his Fifth Amendment rights. By memorandum filed on September 13, 2004, a panel of this Court dismissed Appellant's ineffective assistance of counsel claim without prejudice to file a timely PCRA petition pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), and affirmed Appellant's October 22, 2003 judgment of sentence. *See Commonwealth v. Grosella*, 863 A.2d 1223 (Pa.Super.2004) (unpublished memorandum).

¶ 4 Subsequently, Matthew R. Gover, Esquire entered his appearance on behalf of Appellant; however, on June 3, 2005, Appellant filed a timely *pro se* PCRA petition. In his petition, Appellant alleged, *inter alia*, that his prior attorneys were

---

1. As indicated *infra*, we conclude the PCRA court erred in permitting Appellant to file a direct appeal *nunc pro tunc*, and therefore, we are reversing the PCRA court's October 11, 2005 order.

2. Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546.

3. 18 Pa.C.S.A. § 2702(a)(1).

4. 18 Pa.C.S.A. § 6106(a)(1).

ineffective in failing to pursue numerous issues during Appellant's trial and direct appeal.

¶ 5 Attorney Gover filed a motion seeking to withdraw as Appellant's counsel, and on June 5, 2005, Appellant filed a *pro se* amended PCRA petition, thereby supplementing the arguments raised in his June 3, 2005 PCRA petition. By order entered on June 9, 2005, the PCRA court granted Attorney Gover's motion to withdraw his representation, and Ari D. Weitzman, Esquire, was appointed to represent Appellant. Attorney Weitzman filed an amended PCRA petition on September 15, 2005, and an evidentiary hearing was held on September 26, 2005.

¶ 6 During the evidentiary hearing, Appellant indicated that he wished to proceed *pro se,* and following a lengthy colloquy, the PCRA court granted Appellant's request to proceed *pro se* but appointed Attorney Weitzman as stand-by counsel. Appellant then argued, *inter alia,* that his appellate counsel was ineffective in failing to pursue numerous issues on direct appeal. Specifically, Appellant argued that, although appellate counsel included several issues in his court-ordered Pa.R.A.P. 1925(b) statement, appellate counsel abandoned all but one of the issues on direct appeal, resulting in this Court considering only the ineffective assistance of trial counsel claim. Appellant indicated that appellate counsel's failure to raise the remaining issues resulted in the ineffective assistance of counsel.

¶ 7 After discovering appellate counsel failed to raise all of the issues Appellant wished to have raised on direct appeal, the

PCRA court *sua sponte* suggested that the proper remedy might be the restoration of Appellant's direct appeal rights.[5] N.T. 9/26/05 at 41–43. Although Appellant indicated at least five times that he wished to continue with the PCRA hearing and receive a determination under the auspices of the PCRA, N.T. 9/26/05 at 46–48, 61–63, the PCRA court concluded Appellant was confused and indicated Appellant was entitled to a second direct appeal. N.T. 9/26/05 at 41–46; 48–49. The PCRA court specifically stated:

> [W]e'll direct that the Defendant's appeal rights are reinstated and that he may file a new appeal to the Superior Court, and that he may raise whatever issues that are set forth in this Petition and any other ones that he has that should have been filed on direct appeal.

> We do that on the basis of ineffective assistance of counsel of [appellate counsel,] Attorney Fugett, who withdrew the Defendant's issues after reading the Court's 1925(a) [opinion] without consulting with the Defendant and without getting his consent to withdraw them.

> \* \* \*

> And I'm finding that Attorney Fugett may have been ineffective both as to withdrawing the ones that he had already filed and also in not filing others which the Defendant raised, so I'm giving permission now to file any issues that he thinks should have been raised, whether they were originally raised by Attorney Fugett. He's allowed to raise anything on this second appeal.

N.T. 9/26/05 at 48–49. Moreover, after further questioning, Appellant indicted that he wished to proceed *pro se* on appeal.

---

**5.** We note that Appellant never requested in either his PCRA petition or the supplements thereto that his direct appeal rights be reinstated. Rather, he requested a new trial under the PCRA.

¶ 8 On October 3, 2005, Appellant filed a *pro se* notice of appeal to this Court, and on October 11, 2005, the PCRA court filed an order which memorialized the following statements made by the PCRA court during the September 26, 2005 evidentiary hearing:

> We're satisfied that the Defendant does not grasp the fact that he would be giving up his rights, and it's clear that he does not wish to give them up, and therefore, we're not proceeding with this hearing and I'm directing that he proceed with his direct appeal. I'm granting him relief and finding appellate counsel was ineffective for failing to preserve those issues that he withdrew, and also that there were other issues which are set forth in the Defendant's PCRA [petition] that were not properly raised in a direct appeal, and I'm directing he now file those issues.

> I'm permitting him to proceed *pro se* . . . and it's up to him to file the timely appeal within 30 days from today's date.

PCRA Court Order filed 10/11/05 at 1–2.

¶ 9 Before addressing the merits of the issues presented on appeal, we must determine whether this appeal is properly before us. As indicated *supra*, Appellant, who was represented by counsel, filed a direct appeal previously, and we affirmed his judgment of sentence. *See Commonwealth v. Grosella*, 863 A.2d 1223 (Pa.Super.2004) (unpublished memorandum). Therefore, we must determine whether the PCRA court properly reinstated Appellant's direct appeal rights due to appellate counsel's alleged ineffectiveness in failing to pursue on direct appeal certain issues which were initially presented in Appellant's court-ordered Pa.R.A.P.1925(b) statement.

¶ 10 It is well-settled that "an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." *Commonwealth v. Johnson*, 889 A.2d 620, 622 (Pa.Super.2005) (emphasis added) (*citing Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795 (2005) (failing to file a Pa.R.A.P.1925(b) statement on behalf of an accused seeking to appeal his sentence, resulting in the waiver of all claims, constitutes an actual or constructive denial of counsel and entitles the accused to a direct appeal *nunc pro tunc* regardless of his ability to establish the merits of the issues that were waived); *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (failing to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and the accused is entitled to reinstatement of his direct appeal rights)). *See Commonwealth v. Franklin*, 823 A.2d 906 (Pa.Super.2003) (holding that reinstatement of direct appeal rights was proper where the appellant's brief on direct appeal was so defective this Court found all issues to be waived). "In those extreme circumstances, where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not his client." *Commonwealth v. West*, 883 A.2d 654, 658 (Pa.Super.2005).

¶ 11 However, it is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. *See Johnson, supra.* Where a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue

were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. *See Halley,* 582 Pa. at 172, 870 A.2d at 801 (noting the significant difference between "failures that completely foreclose appellate review, and those which may result in narrowing its ambit"); *Johnson; supra* (noting this Court has expressly distinguished between those cases where a PCRA petitioner is entitled to a direct appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal); *Commonwealth v. Ginglardi,* 758 A.2d 193 (Pa.Super.2000)[6] (indicating that where two of the three issues presented on direct appeal were waived the relief afforded under *Lantzy* was unavailable to a PCRA petitioner). In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.[7]

 ¶ 12 Instantly, we find the PCRA court erred in reinstating Appellant's direct appeal rights. Although appellate counsel apparently did not pursue all of the issues Appellant wished to raise on direct appeal, this is not a case where appellate counsel failed to perfect a direct appeal. Unlike those cases where we concluded the reinstatement of a direct appeal was necessary, appellate counsel in this case took the steps necessary to ensure that this Court would consider the one argument he presented on appeal. The fact this Court concluded on direct appeal that case law required the dismissal of the ineffective assistance of counsel claim, without prejudice, makes no difference to our analysis.

¶ 13 Simply put, appellate counsel did not effectively abandon Appellant such that Appellant was entirely denied his right to a direct appeal. Therefore, the PCRA court should have considered Appellant's ineffective assistance of appellate counsel claims under the auspices of the PCRA and applied the traditional three-prong ineffective assistance of counsel test.[8]

¶ 14 For all of the foregoing reasons, we reverse and remand this matter to the PCRA court for proceedings consistent with this decision.

¶ 15 Reversed; Remanded; Jurisdiction relinquished.

6. *Ginglardi* has been abrogated on other grounds by *Commonwealth v. Prout,* 814 A.2d 693 (Pa.Super.2002).

7. The three-prong test requires an appellant to establish "1) the underlying claim is of arguable merit; 2) counsel had no reasonable basis for the act or omission in question; and 3) but for counsel's act or omission, the outcome of the proceedings would have been different." *Johnson,* 889 A.2d at 622 (quotation marks, quotation, and emphasis omitted).

8. Upon remand, the PCRA court should consider all of the claims raised in Appellant's timely PCRA petition.