J-S51041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEMIER THOMPSON, | |
| Appellant | No. 364 EDA 2015 |

Appeal from the PCRA Order January 16, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0010863-2008
CP-51-CR-0013718-2008
CP-51-CR-0009938-2008

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                        **FILED AUGUST 21, 2015**

Appellant, Jemier Thompson, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the factual and procedural history of this case as follows:

On June 6, 2008, [A]ppellant committed a robbery at gunpoint at the intersection of 37th and Hamilton Streets in Philadelphia.  Two days later, on June 8, 2008, [A]ppellant committed a second robbery at 37th and Baring Streets; and on June 28, 2008, [A]ppellant committed robbery of two men at the intersection of 36th and Baring Streets.  Shortly after the robberies on June 28th, police found [A]ppellant, and the June 28th victims properly identified [A]ppellant as the robber.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was charged with a variety of offenses including robbery and possession of an instrument of crime. The four instances of robbery were consolidated for trial. Appellant waived a jury trial. On June 16, 2010, [A]ppellant was found guilty of four counts of robbery with threat of immediate serious bodily injury, three counts of theft by unlawful taking of movable property, three counts of receiving stolen property, three counts of possessing instruments of crime with criminal intent, two counts of terroristic threats with intent, three counts of simple assault, and three counts of reckless endangerment.[1]

A sentencing hearing was held on August 4, 2010 where the Commonwealth invoked the mandatory minimum sentence of five years of incarceration for the robberies to which [A]ppellant stipulated. Appellant did not make an objection throughout the sentencing hearing. Appellant was sentenced to an aggregate term of eight to sixteen years' imprisonment.

Appellant filed a motion for reconsideration of [the discretionary aspects of] sentence on August 16, 2010 and an amended motion on August 26, 201[0]. . . . The judge denied [A]ppellant's motion on December 6, 2010. [The timely direct] appeal followed [on January 5, 2011].

(**Commonwealth v. Thompson**, No. 55 EDA 2011, unpublished memorandum at *1-3 (Pa. Super. filed March 13, 2012)) (footnote omitted).

This Court concluded that Appellant waived his challenge to the discretionary aspects of his sentence because he failed to (1) object during the sentencing hearing or raise it in his post-trial motion and (2) include a Rule 2119(f) statement in his brief. (**See id.** at *4-6); **see also** Pa.R.A.P.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3921(a), 3925(a), 907(a), 2706(a)(1), 2701(a), and 2705, respectively.

2119(f) (requiring separate concise statement of reasons challenging discretionary aspects of sentence).

On January 8, 2013, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition on March 21, 2014 requesting that Appellant's post sentence rights be reinstated *nunc pro tunc* because of appellate counsel's ineffectiveness in failing to file a Rule 2119(f) statement in the brief.

On July 29, 2014, the Commonwealth filed a motion to dismiss the PCRA petition. On December 15, 2014, the PCRA court notified Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. *See* Pa.R.Crim.P. 907. Appellant filed a *pro se* response on December 19, 2014.

The PCRA court granted the Commonwealth's motion and dismissed Appellant's petition on January 16, 2015. Appellant timely appealed on January 29, 2015.[2]

Appellant raises the following question for our review: "Did the [PCRA] court err in not reinstating [A]ppellant's right to file an appeal *nunc pro tunc* from the judgment of sentence due to ineffective assistance of appellate defense counsel who waived all appeal issues?" (Appellant's Brief, at 2).

_____

[2] Pursuant to the PCRA court's order, Appellant filed a timely Rule 1925(b) statement on March 4, 2015. The court entered its Rule 1925(a) opinion on March 23, 2015. *See* Pa.R.A.P. 1925.

Our standard of review is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a). Cognizable claims include those that allege ineffectiveness of counsel that undermined the truth-determining process. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii).

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> > [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

It is well-settled that "[a] criminal defendant has the right to effective counsel . . . ." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, counsel is presumed effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012).

To succeed on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel is effective and demonstrate that counsel's deficient performance prejudiced him. ***See Strickland v. Washington***, 466 U.S. 668, 687 (1984). Pennsylvania has further refined the ***Strickland*** test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. ***See Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the ***Pierce*** test will require rejection of the claim. ***See Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

Here, Appellant asserts that "counsel failed to [properly] raise the [discretionary aspects of sentence] issues that were preserved in post[-]verdict motions [by] fail[ing] to file a [Rule] 2119(f) [s]tatement." (Appellant's Brief, at 6) (citations omitted). Therefore, "[Appellant] does not have to show prejudice because appellate counsel (sic) representation was totally deficient." (***Id.*** at 6-7) (citations omitted). We disagree.

- 5 -

Appellant's reliance on **United States v. Cronic**, 466 U.S. 648, 659 (1984) (prejudice presumed where counsel's failure is complete); **Commonwealth v. Halley**, 870 A.2d 795, 801 (Pa. 2005) (finding *per se* ineffectiveness where counsel failed to file court-ordered Rule 1925(b) statement); and **Commonwealth v. Grosella**, 902 A.2d 1290, 1294 (Pa. Super. 2006) (holding counsel's failure to raise all requested appeal issues not *per se* ineffectiveness), is misplaced. (**See** Appellant's Brief, at 7).

Our Supreme Court has stated:

> . . . [T]here have been only three circumstances under which this Court determined that counsel's conduct constituted a constructive denial of counsel warranting a presumption of prejudice: (1) where counsel failed to file a requested direct appeal, **see** [**Commonwealth v.**] **Lantzy**, [736 A.2d 564 (Pa. 1999)]; (2) where counsel failed to file a statement of matters complained of on appeal, **see Halley, supra**; and (3) where counsel failed to file a requested petition for allowance of appeal thereby depriving the client of the right to seek discretionary review, **see Commonwealth v. Liebel**, . . . 825 A.2d 630 ([Pa.] 2003).

**Commonwealth v. Reed**, 971 A.2d 1216, 1225 (Pa. 2009).

Here, our independent review of the record reveals that counsel's failure to raise the issues that were preserved in Appellant's post-verdict motion and file a Rule 2119(f) statement "did not operate to entirely foreclose appellate review . . . but at most 'narrowed the ambit' of the appeal [] counsel pursued." **Id.** (citation omitted). Further, "the filing of an appellate brief, deficient in some aspect or another, does not constitute a

complete failure to function as a client's advocate so as to warrant a presumption of prejudice under *Cronic*." *Id.* at 1226.

The PCRA court noted that:

> . . . [I]n neither his petitions nor present [Rule] 1925(b) [s]tatement did [Appellant] make any attempt to demonstrate what issues his appellate counsel should have raised or preserved in the appeal, that they would have merit, or that the outcome of his appeal would have been different.

> \* \* \*

> Nor did he present an offer of proof setting forth what facts there are that are not already in the record that would show that his counsel was ineffective for not raising or preserving them and therefore there was no need for the court to conduct a hearing.

(PCRA Court Opinion, 3/23/15, at 6-7). Upon review, we agree and conclude that the record supports the PCRA court's dismissal of Appellant's PCRA petition without a hearing where he is not entitled to the benefit of a presumption of prejudice. *See Miller*, *supra* at 992. Accordingly, Appellant's issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015