J-S61026-15
J-S61027-15

2015 PA Super 262

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRYAN PERRY, | : | |
| | : | |
| Appellant | : | No. 265 MDA 2015 |

Appeal from the Judgment of Sentence Entered November 18, 2013,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0002139-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRYAN PERRY, | : | |
| | : | |
| Appellee | : | No. 420 MDA 2015 |

Appeal from the PCRA Order Entered on February 4, 2015,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0002139-2011

BEFORE:  PANELLA, WECHT, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:

**FILED DECEMBER 14, 2015**

For the reasons that follow, I respectfully dissent to the result reached
by the learned Majority at Docket Number 420 MDA 2015 and concur in the
result reached by the learned Majority at Docket Number 265 MDA 2015.

* Retired Senior Judge assigned to the Superior Court.

As to Docket Number 420 MDA 2015, the PCRA court originally denied Perry's PCRA petition in an order entered on May 16, 2014, and Perry appealed that order. As a result of that appeal, this Court vacated the PCRA court's order and remanded for an evidentiary hearing. This Court offered the following discussion in support of our decision:

> []Perry's claim that [appellate counsel] was ineffective for failing to raise, on direct appeal, the jury's receipt of unmarked evidence cannot be resolved on the certified record. As recognized by the PCRA court, this issue was not pursued or addressed at the evidentiary hearing. Our review of the certified record discloses that [appellate counsel] did not testify at the evidentiary hearing, and the record is devoid of her response to Perry's claim that he had informed her of the jury's receipt of unmarked evidence. Nevertheless, the PCRA [c]ourt acknowledged that this claim was addressed in Perry's briefs following the evidentiary hearing.
>
> To enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required. A factfinding court should support its holding with sufficient explanations of the facts and law to facilitate appellate review. Where a petitioner has presented a claim to the PCRA court and that court has not addressed it, a remand is appropriate where the claim cannot be resolved on the record. [P]articularly in close cases, a developed post-conviction record accompanied by specific factual findings and legal conclusions is an essential tool necessary to sharpen the issues. Thus, we vacate the [o]rder of the PCRA court and remand this matter to the PCRA court to conduct an evidentiary hearing on the issue of whether [appellate counsel] rendered ineffective assistance by failing to raise, on direct appeal, the jury's receipt of unmarked evidence.

*Commonwealth v. Perry*, 917 MDA 2014 (Pa. Super. Dec. 30, 2014) (unpublished memorandum at 6-7) (citations and quotation marks omitted).

Thus, this Court vacated the PCRA court's order and remanded the matter, specifically directing the PCRA court to conduct an evidentiary hearing to determine whether appellate counsel was ineffective by failing to raise on direct appeal the issue regarding the jury's receipt of unmarked evidence. In my view, this Court's Memorandum clearly spelled out that appellate counsel's testimony was required at the hearing.

At the evidentiary hearing on remand, the PCRA court was immediately made aware of the fact that appellate counsel was not present for the hearing because, *inter alia*, she had a family emergency. At that point, the PCRA court knew or should have known that it could not comply with this Court's instructions. Rather than postponing or continuing the hearing, the court held a hearing without appellate counsel and granted Perry relief in the form of reinstatement of his appellate rights.[1]

Because the PCRA court failed to follow this Court's directions on remand, I would vacate the PCRA court's most recent order and remand the matter with directions to hold an evidentiary hearing in compliance with this

---

[1] Perry already has had a direct appeal, which resulted in this Court affirming his judgment of sentence; therefore, this form of relief was unavailable to him. **See Commonwealth v. Grosella**, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) ("[I]t is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims…. In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.") (footnote omitted).

Court's previous Memorandum.[2]  Such a result at Docket Number 430 MDA

2015 would render moot Perry's appeal at Docket Number 265 MDA 2015;

consequently, I too would dismiss that appeal.

---

[2] While the Majority opines that Appellant should not get a "third bite at the apple," *see* Majority at 9 n. 4, based on the foregoing, it is evident that Appellant has not even had a first bite at the apple.