J. S08021/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEVEN ANDREW ZIRKLE, | : | No. 752 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered April 22, 2016,
in the Court of Common Pleas of Crawford County
Criminal Division at Nos. CP-20-CR-0000143-2009,
CP-20-CR-0000147-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED AUGUST 04, 2017**

Steven Andrew Zirkle appeals from the April 22, 2016 order entered in the Court of Common Pleas of Crawford County that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which the PCRA court treated as his first petition.  After careful review, we affirm.

Another panel of this court set forth the following:

> The trial court summarized the procedural history of this case:
>
> > [Zirkle] was charged at [Case 143] with two counts of burglary, two counts of criminal trespass, and one count of criminal mischief, 18 Pa.C.S. §§ 3502(a), 3503(a)(1)(ii), 3304(a)(1), respectively, and at [Case 147] with one count each of burglary, criminal trespass, terroristic

> threats, theft by unlawful taking, and receiving stolen property, *id.* §§ 3502(a), 3503(a)(1)(ii), 2706, 3921(a), 3925(a), respectively. The two cases were consolidated for trial, at which Zirkle was self-represented [with stand-by counsel], and he was convicted on all ten counts. On January 27, 2010, he received an aggregate sentence of ten to twenty years of imprisonment at each case, to be served consecutively, with credit for 403 days of presentence incarceration.
>
> Zirkle filed post-sentence motions for acquittal, for a new trial, and for sentence modification, which were all denied, and judgment of sentence was affirmed on appeal to the Superior Court. A timely filed petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, resulted in the reinstatement of Zirkle's right to appeal to the Pennsylvania Supreme Court for discretionary review, but [*allocatur*] was denied on December 27, 2012.

*Commonwealth v. Zirkle*, 107 A.3d 127, 131 (Pa.Super. 2014) (brackets in original), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Appellant then filed his second *pro se* PCRA petition on or about June 24, 2013, which the PCRA court treated as his initial petition and appointed counsel to represent him. In his counseled amended PCRA petition, Zirkle claimed, *inter alia*, the ineffective assistance of trial counsel and appellate counsel. The PCRA court addressed each of the ineffectiveness claims in its opinion of October 18, 2013. In that opinion,

the court found merit to appellant's allegation that appellate counsel was ineffective in failing to argue on appeal that his three criminal trespass convictions were erroneously graded as second-degree, rather than third-degree, felonies because entry was made through unlocked doors without the use of force. The PCRA court vacated its original January 27, 2010 sentence, and resentenced on December 3, 2013. Although the court had thoroughly addressed any and all of the ineffectiveness of counsel claims in its October 18, 2013 opinion, it held in abeyance an actual denial of those claims pending the appeal on appellant's resentence.

On appeal to this court, appellant raised several discretionary aspects of sentence issues relative to his resentence. This court affirmed appellant's judgment of sentence on December 18, 2014; and on June 17, 2015, our supreme court denied appellant's petition for allowance of appeal.

Following remand of the case, the PCRA court, by order, gave notice of its intent to dismiss all remaining claims pursuant to Pa.R.Crim.P. 907(1) in appellant's counseled petition which it had already addressed in its October 2013 opinion. The PCRA court then denied appellant's petition, and appellant now appeals that denial.

Unfortunately, appellant has not specifically addressed any issues within the rubric of ineffectiveness of counsel. Rather, appellant argues:

> 1. Whether the trial court erred in denying Appellant's request at the time of his First Amended PCRA proceedings to be permitted to file/re-file his direct appeal **nunc pro tunc**,

with the benefit of a brief that was not defective such that this Honorable Court was unable to reach the merits of his arguments?

2. Whether the burden on direct appeal is sufficiently different than it is for a PCRA appeal such that Appellant suffered prejudice by the trial court not permitting him to file/re-file his direct appeal *nunc pro tunc*, and, instead, requiring the undersigned to file a Petition for Allowance of Appeal limited to the areas not deemed waived by this Honorable Court?

Appellant's brief at 3.

Appellant cites and argues **Commonwealth v. Grosella**, 902 A.2d 1290 (Pa.Super. 2006), for the proposition that he should have been permitted to file an entirely new direct appeal because the performance of original direct appeal counsel was so deficient that he was effectively deprived entirely of his right of direct appeal. Unfortunately for appellant, **Grosella** is clear in stating:

> However, it is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. **See Johnson, supra.** Where a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. **See Halley**, 582 Pa. at 172, 870 A.2d at 801 (noting the significant difference between "failures that completely foreclose appellate review, and those which may result in narrowing its ambit"); **Johnson; supra** (noting this Court has expressly distinguished between those cases where a PCRA petitioner is entitled to a direct appeal **nunc pro tunc** where

- 4 -

> prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal); *Commonwealth v. Ginglardi*, 758 A.2d 193 (Pa.Super.2000) (indicating that where two of the three issues presented on direct appeal were waived the relief afforded under *Lantzy* was unavailable to a PCRA petitioner). In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.

*Grosella*, 902 A.2d at 1293-1294 (footnotes omitted; emphasis in original).

Appellant raised direct appeal counsel's alleged deficient performance in his amended PCRA petition, and the PCRA court addressed the claim. Additionally, on direct appeal, this court did address various issues raised on appeal, finding some without merit and some not sufficiently presented. Appellant properly presented these claims to the PCRA court, and that court thoroughly addressed each issue and found no merit. We agree with the PCRA court's reasoning. Moreover, we could find the issues raised to be waived for failure to present them in the framework of an ineffective assistance of counsel analysis. Appellant is not entitled to another direct appeal *nunc pro tunc*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2017