J-S44007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                               :  PENNSYLVANIA
                                               :
          v.                               :
                                               :

CHRISTOPHER GLEN GREER  :
                                               :

          Appellant          :    No. 940 WDA 2018

Appeal from the PCRA Order Dated June 14, 2018,
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001322-2016

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:          FILED NOVEMBER 18, 2019

Appellant, Christopher Glen Greer, files this purported nunc pro tunc appeal from the March 22, 2017 judgment of sentence. For the reasons that follow, we vacate the order reinstating Appellant's direct appeal rights nunc pro tunc and remand this matter for further proceedings consistent with this memorandum.

This Court previously described the initial procedural history and facts of this case, as follows:

> Christopher Glen Greer appeals from the March 22, 2017 judgment of sentence entered in the Court of Common Pleas of Fayette County after a jury convicted him of aggravated assault by vehicle, aggravated assault, criminal mischief, simple assault, recklessly endangering another person, and fleeing or attempting to elude an officer.[1] Appellant was also convicted by the trial court of four summary offenses, including driving while operating privilege is suspended or revoked.[2] The trial court sentenced [A]ppellant to 30 days to 6 months of imprisonment on the driving while operating privilege is suspended or revoked conviction and

imposed a consecutive sentence of 6 to 20 years of imprisonment on the aggravated assault conviction. The trial court imposed no further penalty on the remaining convictions.  We affirm.

> [1]     75 Pa.C.S.A. § 3732.1(a), 18 Pa.C.S.A. § 2702(a)(2), 18 Pa.C.S.A. § 3304(a)(5), 18 Pa.C.S.A. § 2701(a)(1), 18 Pa.C.S.A. § 2705, and 75 Pa.C.S.A. § 3733(a), respectively.

> [2] 75 Pa.C.S.A. § 1543(a).

The trial court set forth the following factual history:

On April 21, 2016, Corporal Delbert DeWitt of the Uniontown City Police Department (UPD) was on patrol in the early morning hours in Uniontown, Fayette County, Pennsylvania.  During his patrol, Corporal DeWitt observed a dark colored Chevrolet pick-up truck on Berkeley Street cross the double yellow line and swerve back into the lane of travel on multiple occasions.[Footnote 3]  Corporal DeWitt activated the cruiser's overhead lights with the intent to effectuate a traffic stop.  The operator of the truck, later identified as Appellant, slowed down and turned on the right turn signal.  Nevertheless, when Corporal DeWitt turned on the cruiser's siren, Appellant turned the signal off and accelerated southbound on Derrick Avenue.

> > [Footnote 3]  He called the registration on the vehicle into the Fayette County 9–1 1 Center to obtain the vehicle's information. The 9–1–1 Center responded that the information provided to them was registered to a Subaru not a Chevrolet.

Corporal DeWitt followed Appellant and called out over the radio that he was in pursuit of a truck occupied by one person who failed to yield to him.  Appellant slowed down as he approached the Uniontown Country Club, made an abrupt left turn over the double yellow lines and drove onto the country club's golf course.  With the assistance of Officer Kurt Defoor and Tyler Garlick, an intern with the UPD, Corporal

DeWitt proceeded very slowly to Cinder Road, the suspected area of Appellant's location. As Corporal DeWitt continued on Cinder Road, he looked to his right and saw the truck accelerate towards him. Appellant struck Corporal DeWitt's vehicle in the front passenger area. Trooper Todd Stevenson, a collision analyst and reconstruction specialist with the Pennsylvania State Police, testified in his expert opinion that there was no evasive steering or braking to avoid the collision.

* * *

Trial court opinion, 5/4/17 at 2–4.

The record reflects that following his convictions, the trial court imposed judgment of sentence on March 22, 2017. On April 6, 2017, [A]ppellant then filed an untimely post-sentence motion for modification of sentence. The trial court denied the untimely motion on April 11, 2017. On April 20, 2017, [A]ppellant filed a notice of appeal to this [C]ourt and simultaneously filed what he termed a "Concise Issue." (Appellant's "concise issue," 4/20/17; docket # 33.) The trial court filed an opinion on May 4, 2017.

Commonwealth v. Greer, 179 A.3d 604, 606 WDA 2017 (Pa. Super. filed October 25, 2017) (unpublished memorandum at *1–2).

In Appellant's direct appeal, counsel raised two issues; the first challenged the sufficiency of the evidence, and the second averred that the sentence was excessive. Greer, 606 WDA 2017 (unpublished memorandum at *2). In affirming the judgment of sentence on October 25, 2017, we found the sufficiency challenge to be waived because Appellant was convicted of ten separate charges, and he failed to specify the element or elements and the crimes he was challenging. Id. (unpublished memorandum at *3). In rejecting Appellant's second issue regarding the discretionary aspects of his

sentence, we determined that Appellant did not challenge his sentence at sentencing and did not file a timely motion to reconsider sentence. Thus, Appellant failed to invoke our jurisdiction. Id. at *4; see Commonwealth v. Zirkle, 107 A.3d 127, 132 (Pa. Super. 2014) ("The right to appellate review of the discretionary aspects of a sentence is not absolute," and such an appeal should be considered a petition for allowance of appeal.).

Appellant filed a timely petition for allowance of appeal, which our Supreme Court denied. Commonwealth v. Greer, 184 A.3d 544, 420 WAL 2017 (Pa. filed April 18, 2018). In the interim, on January 5, 2018, Appellant filed a pro se petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, raising, inter alia, multiple issues of ineffective assistance of counsel. PCRA Petition, 1/5/18, at 6–8. The PCRA court appointed counsel on January 10, 2018. Order, 1/10/18, docket entry 43. Counsel did not file an amended petition, and the PCRA court scheduled a hearing for June 14, 2018. Order, 3/14/18, docket entry 44. On June 14, 2018, the PCRA court entered an order stating:

> AND NOW, this 14th day of June, 2018, after hearing[1] on the defendant's Petition for Post Conviction Collateral Relief, upon review of the Opinion of the Superior Court and upon consideration that there was no objection by the Commonwealth, it is ORDERED and DECREED that the petition is GRANTED and the defendant's direct appeal rights are REINSTATED.

_____

[1] There is no transcript from that hearing in the record certified to us on appeal, nor is there a docket entry indicating that notes of testimony from this date were transcribed.

Order, 6/14/18, docket entry 50.[2]  Counsel filed a notice of appeal nunc pro tunc on June 25, 2018.  Notice of Appeal, 6/25/18, docket entry 51.  Both counsel and the PCRA court complied with Pa.R.A.P. 1925.

On November 9, 2018, counsel filed a motion to withdraw representation in this Court, which we granted on November 16, 2018.  We remanded this matter to the PCRA court for the appointment of new counsel. The PCRA court appointed present counsel on March 19, 2019.

Appellant raises the following issues in this appeal:

1.  The Commonealth [sic] presented insufficient evidence to support the charge of aggravated assault, in that the testimony of the alleged victim failed to establish that the injuries he suffered amounted to serious bodily injury.

2.  The Commonwealth presented insufficient evidence to establish that elements of the charge of aggravted [sic] assault by vehicle, in that at the time the vehicle had contact with victim's vehicle, the Appellant was suffereing [sic] a seizure and his actions were not intentional or within his control.

3.  The Commonwealth failed to establish the elements of the crime of criminal mischief in that the Appellant was not in control of his actions when his vehicle damaged the victim's car as the Appellant suffered a seizure.

4.  The Commonwealth failed to establish that the Appellant intentionally or recklessly put the victim in danger of serious bodily injury or that the vehicle was traveling at such a speed that the victim was in any significant danger.

_____

[2]  Neither the June 14, 2018 order nor the Pa.R.A.P. 1925(a) opinion reveals the basis for the PCRA court's decision to reinstate Appellant's direct appeal rights nunc pro tunc.

Appellant's Brief at 3 (unnecessary capitalization removed).

Initially, we must address whether this appeal is properly before us, and note the following:

> It is well-settled that an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is per se without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights. In those extreme circumstances, where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not his client.
>
> However, it is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. Where a petitioner was not entirely denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.[3]

Commonwealth v. Mikell, 968 A.2d 779, 781-82 (Pa. Super. 2009) (citations, quotation marks and emphases omitted).

As noted supra, in Appellant's direct appeal, we found that the sufficiency-of-the-evidence issue was waived. Greer, 606 WDA 2017

---

[3] Counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. Commonwealth v. Johnson, 179 A.3d 1105, 1114 (Pa. Super. 2018), appeal denied, 197 A.3d 1174 (Pa. 2018).

(unpublished memorandum at \*3). As to Appellant's second issue, we concluded that Appellant did not comply with pertinent case law to raise a substantial question concerning the appropriateness of his sentence. Id. at \*4 and n.3. Therefore, Appellant was not entirely denied his right to a direct appeal, and reinstatement of Appellant's direct appeal rights was not the proper remedy. Rather, the PCRA court should have applied the traditional three-prong test to determine whether appellate counsel was ineffective. Mikell, 968 A.2d at 781–782; see also Commonwealth v. Perry, 128 A.3d 1285, 1290 n.2 (Pa. Super. 2015) (when appellate counsel perfected a direct appeal but failed to raise certain claims, reinstatement of direct appeal rights is not the proper remedy; rather, the court must apply the PCRA traditional three-prong test for determining whether counsel was ineffective); Commonwealth v. Grosella, 902 A.2d 1290 (Pa. Super. 2006) (PCRA court erred in reinstating the appellant's direct appeal rights where appellate counsel did not effectively abandon the appellant such that he was entirely denied his right to a direct appeal).

Accordingly, we are constrained to vacate the PCRA court's June 14, 2018 order reinstating Appellant's direct appeal rights nunc pro tunc and remand this matter to the PCRA court for proceedings consistent with this memorandum. Upon remand, the court should consider all of the cognizable claims raised in Appellant's PCRA petition.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge McLaughlin joins the Memorandum.

P.J.E. Ford Elliott concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2019