J-S64007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DARYL BALKIM WILLIAMS | : | |
| Appellant | : | No. 58 WDA 2019 |

Appeal from the PCRA Order Entered December 12, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0002407-2015

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    FILED MARCH 09, 2020

Daryl Balkim Williams appeals from the December 12, 2018 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  We vacate and remand so that Appellant may have an opportunity to pursue a direct appeal nunc pro tunc.

Appellant's underlying convictions relate to the events of October 12, 2015, when he shot and injured two individuals inside of a house located at 1131 Ridge Avenue, Johnstown, Pennsylvania.  Appellant was arrested, and charged with a number of crimes in connection with the shooting.

Appellant was represented by Mary E. Schaffer, Esquire, of the Cambria County Public Defender Office.  On November 9, 2016, Appellant entered a guilty plea to two counts of aggravated assault, and was sentenced to an

_____

[*] Retired Senior Judge assigned to the Superior Court.

aggregate term of seven and one-half to fifteen years of incarceration. On November 30, 2016, Appellant filed a motion to withdraw his guilty plea, claiming that he had been "forced" to enter a guilty plea. Contemporaneously, counsel also filed a motion to withdraw. By order dated January 5, 2017, the trial court denied both motions. With particular reference to the request to withdraw, it stated as follows:

> If [Appellant] wishes to file either post[-]sentence motions or direct appeal to the Superior Court, the Public Defender's office is duty-bound to file all appropriate motions and/or appeal. After any appropriate filings are made, the Public Defender's office can petition this Court to withdraw as counsel and alternate counsel shall be appointed.

Order, 1/5/17, at unnumbered 1 (emphasis added).

Thereafter, Appellant filed no fewer than six letters addressed to Attorney Schaffer requesting that a direct appeal be filed in his case. See, e.g., Letter, 1/20/17, at unnumbered 1; Letter, 1/23/17, at unnumbered 1; Letter, 2/24/17, at unnumbered 1; 4/6/17, at unnumbered 1; Letter, 4/24/17, at unnumbered 1; Letter, 5/4/17, at unnumbered 1. Each of these letters was forwarded to Attorney Schaffer pursuant to Pa.R.Crim.P. 576(4), and a written notice to that effect accompanies each letter in the certified record. Id. In spite of Appellant's repeated entreaties, no direct appeal was filed. Indeed, the certified record indicates Attorney Schaffer took no further action in the case, irrespective of the trial court's pointed denial of her motion to withdraw.

At this juncture, we note that our Supreme Court has stated as follows regarding the duty attorneys owe to their client in the appellate context:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9 . . . .

Commonwealth v. Lantzy, 736 A.2d 564, 572 (Pa. 1999) (footnotes omitted). "It is well-settled that an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is per se without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." Commonwealth v. Grosella, 902 A.2d 1290, 1293 (Pa.Super. 2006) (internal citation and emphasis omitted).

On June 8, 2017, Appellant was forced to file a timely pro se PCRA petition, which also requested in forma pauperis status. The trial court apparently recognized the denial of Appellant's direct appeal rights described above, and sua sponte issued an order providing as follows:

> [I]t appearing from the docket entries in this matter that [Appellant] was never properly able to exercise his right to seek relief on direct appeal, it is hereby ORDERED, DIRECTED and DECREED as follows:
>
> 1. [Appellant] shall be permitted to appeal to the Pennsylvania Superior Court, nunc pro tunc.
>
> 2. [Appellant's] In Forma Pauperis Motion is GRANTED. Richard Corcoran, Esq. is hereby appointed to serve as counsel for [Appellant] for purposes of filing an Amended PCRA Petition.
>
> 3. Attorney Corcoran shall review the pro se filings by [Appellant] and determine whether to pursue a direct appeal

on the part of [Appellant] or file a no-merit letter with the Court.

4. Notice of this Order shall be forwarded by the Clerk of Courts to Attorney Corcoran and [Appellant].

Order, 6/19/17, at unnumbered 1.

Unfortunately, this order is internally inconsistent and confusing. It appoints counsel to Appellant, but simultaneously purports to advance both Appellant's direct appeal and PCRA petition. In relevant part, the order charges Attorney Corcoran with both filing an amended PCRA petition and pursuing Appellant's direct appellate rights. This approach was antithetical to Pennsylvania law. See Commonwealth v. Williams, 215 A.3d 1019, 1022-23 (Pa.Super. 2019) ("Generally, a petitioner, such as [Appellant], may only file a PCRA petition after he has waived or exhausted his direct appeal rights." (internal citation omitted)). The proper course of action would have been to dismiss Appellant's PCRA petition without prejudice to his ability to re-file after the exhaustion of his direct appeal rights. Id.

As a result of the trial court's confusing order, it appears that no action was ever taken with respect to Appellant's direct appellate rights. Rather, the PCRA proceedings continued, unimpeded. On November 9, 2017, Attorney Corcoran complied with part of the trial court's June 19, 2017 order and filed an amended PCRA petition. Two separate hearings were held with respect to Appellant's purported PCRA claims on April 20, 2018, and October 5, 2018. On November 6, 2018, Attorney Corcoran filed a brief in further support of

Appellant's "collateral" claims. On December 12, 2018, the PCRA court dismissed Appellant's PCRA petition and issued a supporting opinion. Appellant filed a timely notice of appeal, the PCRA court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied. The PCRA court also filed a Rule 1925(a) opinion.

Throughout this process, the full implications of the trial court's explicit reinstatement of Appellant's direct appeal rights were inexplicably overlooked by all parties. This was patently erroneous. While this case presents an highly unusual procedural posture, we are convinced that Appellant's direct appellate rights still remain unrealized. Irrespective of the judicial resources already expended in pursuit of Appellant's now-premature PCRA petition, "[t]he remedy for the deprivation of this fundamental right of appeal is its restoration." Lantzy, supra at 572-73.

Accordingly, we vacate the order dismissing Appellant's PCRA petition and remand to the PCRA court for further proceedings consistent with this memorandum. On remand, we direct the PCRA court to enter an order that: (1) reinstates Appellant's direct appeal rights; and (2) dismisses Appellant's PCRA petition without prejudice to his ability to re-file following exhaustion of his direct appellate rights. Appellant shall have thirty days from the entry of that order to file a timely direct appeal to this Court. See Pa.R.A.P. 903(a).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2020