J-S30008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH BENTON | |
| Appellant | No. 1875 EDA 2015 |

Appeal from the PCRA Order June 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0307971-2005

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED JUNE 01, 2016**

Appellant, Joseph Benton, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On February 8, 2006, the court convicted Appellant of third-degree murder, possessing instruments of crime ("PIC"), firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and persons not to possess firearms.  Appellant's convictions stemmed from an incident on January 29, 2005, during which Appellant shot a hotel clerk after the clerk purportedly made a homosexual advance to Appellant.  The

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

court sentenced Appellant on March 14, 2006, to 17½-35 years' imprisonment for the murder conviction, a concurrent 2½-5 years' imprisonment for the PIC conviction, and a concurrent 3-6 years' imprisonment for the firearms not to be carried without a license conviction. The court imposed no further penalty for the other convictions. Appellant did not file post-sentence motions, but he timely filed a direct appeal.

On June 25, 2007, this Court affirmed the judgment of sentence, concluding Appellant waived the sole issue presented on appeal concerning the sufficiency of the evidence to sustain his third-degree murder conviction, where Appellant failed to raise that issue in a timely filed concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] Our Supreme Court denied allowance of appeal on December 4, 2007. **See Commonwealth v. Benton**, 931 A.2d 40 (Pa.Super. 2007), *appeal denied*, 594 Pa. 709, 937 A.2d 442 (2007).

On July 16, 2008, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel on January 12, 2009, who filed an amended petition on January 23, 2009, requesting reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Appellant did not request reinstatement of his post-sentence motion rights *nunc pro tunc*. Appellant claimed reinstatement of his direct appeal rights *nunc pro tunc* was warranted, where appellate

---

[2] Appellate counsel filed an untimely supplemental Rule 1925(b) statement, without leave of court, raising the sufficiency challenge.

- 2 -

counsel's failure to preserve the sufficiency challenge resulted in waiver of the sole claim presented on appeal, effectively denying Appellant appellate review. On June 19, 2009, with the agreement of all parties, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Following a timely *nunc pro tunc* direct appeal, this Court affirmed the judgment of sentence on May 18, 2010. This Court addressed the merits of both issues presented on appeal, challenging the denial of Appellant's pre-trial suppression motion and the sufficiency of the evidence to sustain his third-degree murder conviction. Our Supreme Court denied allowance of appeal on November 16, 2010. ***See Commonwealth v. Benton***, 4 A.3d 196 (Pa.Super. 2010), *appeal denied*, 608 Pa. 652, 12 A.3d 750 (2010).

On October 31, 2011, Appellant timely filed the current *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on July 27, 2014, seeking reinstatement of Appellant's post-sentence and direct appeal rights *nunc pro tunc* based on trial counsel's failure to file post-sentence motions preserving a challenge to the discretionary aspects of sentencing. The court held a PCRA hearing on June 4, 2015, after which the court denied PCRA relief. Appellant timely filed a notice of appeal on June 22, 2015. On July 6, 2015, the court ordered Appellant to file a Rule 1925(b) statement; Appellant timely complied on July 14, 2015.

Appellant raises one issue for our review:

> WHETHER THE COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHERE APPELLANT WANTED HIS

ATTORNEY TO FILE POST SENTENCE MOTIONS AND AN APPEAL FROM HIS CONVICTION WHERE COUNSEL MISINFORMED [APPELLANT] ABOUT HIS RIGHT TO FILE A POST SENTENCE MOTION AND HIS APPELLATE RIGHTS AND THE ISSUES THAT HE COULD APPEAL? FURTHERMORE, WHETHER APPELLANT SUFFERED PREJUDICE FROM THIS WAIVER BECAUSE HE WAS UNABLE TO CHALLENGE HIS SENTENCE OR THE WEIGHT OF THE EVIDENCE WHICH WERE TWO ISSUES THAT HAD MERIT.

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues the trial court imposed an excessive sentence without considering Appellant's background, social history, relative lack of criminal history, and other mitigating evidence such as Appellant's substance abuse issues. Appellant asserts the trial court failed to outline the reasons on the record for imposing such a lengthy sentence. Appellant contends he wanted to challenge the discretionary aspects of sentencing and trial counsel had no

rational basis for failing to raise that claim in a timely filed post-sentence motion. Appellant insists trial counsel's failure to file post-sentence motions deprived Appellant of the opportunity to secure a reduced sentence and to present a sentencing challenge on direct appeal. Appellant concludes trial counsel rendered ineffective assistance, and this Court must vacate the PCRA court's decision and remand for reinstatement of Appellant's post-sentence motion rights *nunc pro tunc* or a new sentencing hearing.[3] We disagree.

"[A]n accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." ***Commonwealth v. Grosella***, 902 A.2d 1290, 1293 (Pa.Super. 2006) (quoting ***Commonwealth v. Johnson***, 889 A.2d 620, 622 (Pa.Super. 2005)). Importantly, there are very few circumstances where counsel's

---

[3] Appellant maintains trial counsel was also ineffective for failing to file post-sentence motions preserving a challenge to the weight of the evidence. Appellant's entire two-sentence argument concerning this claim is as follows: "Furthermore, Appellant wanted to challenge the weight of the evidence on appeal. He disagreed with the trial court's acceptance of evidence and was clear that he wanted an appellate court to review the court's finding." (Appellant's Brief at 11) (internal citation omitted). Notwithstanding this statement, Appellant presents no argument on how the verdict was against the weight of the evidence in this case. Consequently, Appellant's averment regarding the weight of the evidence is waived for lack of development on appeal. ***See Commonwealth v. Perez***, 625 Pa. 601, 93 A.3d 829 (2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 480, 190 L.Ed.2d 364 (2014) (holding claims which fail to contain developed argument or citation to supporting authorities and certified record are waived on appeal).

conduct warrants a presumption of prejudice and the reinstatement of a petitioner's direct appeal rights *nunc pro tunc*. ***Commonwealth v. Reed***, 601 Pa. 257, 272, 971 A.2d 1216, 1225 (2009). These circumstances include: (1) where counsel failed to file a requested direct appeal; (2) where counsel failed to file a concise statement of errors claimed of on appeal; or (3) where counsel failed to file a requested petition for allowance of appeal. ***Id.*** at 272-73, 971 A.2d at 1225. "In those extreme circumstances, where counsel has effectively abandoned his…client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not the client." ***Commonwealth v. West***, 883 A.2d 654, 658 (Pa.Super. 2005).

On the other hand, "the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims." ***Grosella, supra*** at 1293. Significantly:

> Where a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. In such circumstances, the [petitioner] must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.

***Id.*** at 1293-94 (emphasis in original) (internal citations and footnotes omitted). ***See also Commonwealth v. Reaves***, 592 Pa. 134, 923 A.2d 1119 (2007) (holding counsel's failure to preserve challenge to court's sentencing discretion by objecting at sentencing or filing post-sentence

- 6 -

motion did not entirely foreclose appellate review of defendant's potential issues for direct appeal; rather, counsel's inaction waived only those claims subject to issue preservation requirements; appellate counsel perfected direct appeal for defendant, and Superior Court addressed merits of one of defendant's claims but waived excessive sentence claim for failure to preserve it at sentencing or in post-sentence motion; thus, counsel's lapse did not deprive defendant of his right to appellate review; at most, counsel narrowed ambit of issues for direct appeal; consequently, defendant must satisfy traditional three-prong ineffectiveness test).

Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 34, 84

- 7 -

A.3d 294, 312 (2014) (quoting **Commonwealth v. Ali**, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)). "The petitioner bears the burden of proving all three prongs of the test." **Turetsky, supra** at 880 (quoting **Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa.Super. 2005), *appeal denied*, 583 Pa. 680, 877 A.2d 460 (2005)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." **Commonwealth v. Steele**, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

Instantly, appellate counsel initially filed a direct appeal on Appellant's behalf challenging the sufficiency of the evidence to sustain Appellant's third-degree murder conviction. On June 25, 2007, this Court affirmed the judgment of sentence, based on waiver, where Appellant failed to raise that issue in a timely filed Rule 1925(b) statement. On July 16, 2008 and January 23, 2009, respectively, Appellant timely filed a *pro se* PCRA petition and a counseled amended PCRA petition, requesting reinstatement of his direct appeal rights *nunc pro tunc*. Notably, Appellant failed to raise trial counsel's ineffectiveness for failing to file post-sentence motions in either of those petitions. Appellant's failure to raise the current claim in his original PCRA and amended PCRA petitions arguably constitutes waiver of his issue on appeal. **See** 42 Pa.C.S.A. § 9543(a)(3) (stating to be eligible for PCRA relief, petitioner must plead and prove by preponderance of evidence that

allegation of error has not been waived); 42 Pa.C.S.A. § 9544(b) (explaining issue is waived for purposes of PCRA if petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in prior state post-conviction proceeding).

In any event, following restoration of his direct appeal rights, Appellant filed and litigated a direct appeal *nunc pro tunc* challenging the sufficiency of the evidence to sustain his third-degree murder conviction and the denial of his pre-trial suppression motion. This Court addressed both issues on the merits and affirmed the judgment of sentence on May 18, 2010. Thus, trial counsel's failure to file post-sentence motions did not completely foreclose appellate review but simply "narrowed its ambit," precluding Appellant from challenging in his direct appeal *nunc pro tunc* only the discretionary aspects of sentencing and weight of the evidence, which are subject to issue preservation requirements. ***See Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (explaining challenges to discretionary aspects of sentencing and weight of evidence are waived if they are not raised in post-sentence motion or by other appropriate manner before trial court). ***See also Reaves, supra***; ***Grosella, supra*** (distinguishing between cases where counsel's failure extinguished defendant's right to direct appeal and cases where counsel might have waived or abandoned some but not all issues on direct appeal). Given the pursuit and resolution of a direct appeal *nunc pro tunc* in

Appellant's case, he would not be entitled to reinstatement of his post-sentence motion and/or direct appeal rights *nunc pro tunc* at this juncture. *See id.*

The PCRA court properly considered Appellant's ineffective assistance of counsel claim by applying the traditional three-prong ineffectiveness test. *See Reaves, supra*; *Grosella, supra*. The PCRA court reasoned:

> In the instant case, the court found that [Appellant] met his burden of establishing that he had advised counsel of his desire to file post-sentence motions challenging his sentence. Nevertheless, [Appellant] was not prejudiced by counsel's failure to file post-sentence motions.
>
> With regard to the lack of prejudice, the court made it abundantly clear that it believed [Appellant's] sentence appropriate when it was imposed. The court would have denied any request for reconsideration of sentence if trial counsel had, in fact, formally filed such a motion. … This court stated on the record the reasons for its sentence.[4] [Appellant] has not met his burden of proof.
>
>> [4] In addition to [Appellant's] extensive criminal record and his inability to be rehabilitated despite incarceration and supervision, the court considered the facts of his case. The facts showed that [Appellant] did not act in self-defense or with a belief that he was in danger of serious bodily injury when he killed the victim. He made the conscious decision to use deadly and totally unnecessary force. He used a deadly weapon on a vital portion of the decedent's body without any lawful justification. In doing so, [Appellant] acted with the requisite malice to support his conviction for third-degree murder.
>
> Accordingly, [Appellant] is not entitled to post-conviction relief. His PCRA petition was properly denied.

(PCRA Court Opinion, filed August 7, 2015, at 4-5) (some internal citations

and footnotes omitted). The record supports the court's analysis.[4] **See Ford, supra**.

The PCRA court credited Appellant's testimony that he asked trial counsel to file post-sentence motions on his behalf. **See Dennis, supra**. Nevertheless, the PCRA court (which also sat as the fact-finder at trial and sentencing court) found Appellant had failed to demonstrate prejudice. **See Reaves, supra** at 153-54, 923 A.2d at 1131 (explaining that for defendant to prevail on ineffectiveness claim, he must prove he asked counsel to file post-sentence motion on his behalf, counsel refused his request, counsel lacked rational basis for such refusal, and there is reasonable probability that, but for counsel's error, result of sentencing proceeding would have been different). **See also Spotz, supra**; **Turetsky, supra**. The record supports the court's decision that Appellant's ineffectiveness claim merits no relief.[5] **See Ford, supra**; **Turetsky, supra**. Accordingly, we affirm.

Order affirmed.

_____

[4] The record shows the court considered, *inter alia*, Appellant's pre-sentence investigation report, the impact statement from Victim's sister, impact testimony from Victim's brother, Appellant's apology to Victim's family, Appellant's prior failed attempts at rehabilitation, and Appellant's social history and substance abuse issues.

[5] The Supreme Court decision in **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009) offers Appellant no relief. The Court's footnote commentary on prejudice did not address scenarios in which a defendant already had the benefit of a direct appeal and "merits" review of one or more claims. **See id.** at 19 n.9, 977 A.2d at 1094 n.9. Thus, the prejudice analysis in **Reaves** controls the present case. **See Reaves, supra**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2016