J-S91020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SECUNDINO GROSELLA | |
| Appellant | No. 823 MDA 2016 |

Appeal from the PCRA Order April 20, 2016
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002384-2003

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and JENKINS, J.

MEMORANDUM BY RANSOM, J.:               **FILED JANUARY 17, 2017**

Appellant, Secundino Grosella, appeals from the April 20, 2016 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts from the PCRA court opinion, which in turn is supported by the record.  *See* PCRA Court Opinion (PCO), 6/23/16, at 1-7.  On September 15, 2003, Appellant was convicted by a jury of two counts of aggravated assault and one count of carrying a firearm without a license, in connection with a shooting at a local tavern.[1] On October 23, 2003, Appellant was sentenced to an aggregate of twenty to forty years of incarceration.

---

[1] 18 Pa.C.S. §§ 2702(a)(1) and 6106(a), respectively.

On September 13, 2004, this court affirmed Appellant's judgment of sentence. *See Commonwealth v. Grosella*, 863 A.2d 1223 (Pa. Super. 2004) (unpublished memorandum). Appellant did not petition for allocatur.

Counsel was appointed to represent Appellant during his first PCRA filing, during which the lower court erroneously attempted to reinstate Appellant's direct appeal rights, but a panel of this Court reversed and remanded for consideration of Appellant's ineffective assistance of counsel claims as a PCRA petition. *See Commonwealth v. Grosella*, 902 A.2d 1290 (Pa. Super. 2006). Eventually, the PCRA court dismissed Appellant's petition, and this dismissal was affirmed by another panel of this Court. *See Commonwealth v. Grosella*, 932 A.2d 253 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 937 A.2d 443 (Pa. 2007).

Appellant filed a second PCRA petition, which was dismissed as untimely. A panel of this Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allocatur. *See Commonwealth v. Grosella*, 48 A.3d 471 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 53 A.3d 50 (Pa. 2012).

Appellant *pro se* filed the instant PCRA petition, his third, on January 15, 2016. On April 21, 2016, the PCRA court dismissed the petition as untimely, or in the alternative, as waived.[2] Although the PCRA court

---

[2] From a review of the record, it does not appear that the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be
*(Footnote Continued Next Page)*

references Appellant's supplemental petition, no such petition appears in the record. Further, Appellant never petitioned for leave to amend his petition.

Appellant timely filed an appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court issued a responsive opinion.

Herein, Appellant presents a single issue for our review, which we have restated for clarity:

> Did the PCRA court err in denying Appellant's petition based upon newly discovered evidence of innocence, namely, a police report prepared by York police detectives, a video surveillance tape of the shooting, and a ballistics report, that were allegedly withheld by the Commonwealth in violation of **Brady v. Maryland**?[3]

Appellant's Brief at vi.[4]

_(Footnote Continued)_ ————————

dismissed without a hearing. **See** Pa.R.Crim.P. 907. The docket reflects that case correspondence was mailed to Appellant on February 11, 2016, but said correspondence was not contained within the record. However, the failure to issue a Rule 907 notice does not automatically warrant reversal, especially where Appellant's petition is patently untimely. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013); **see also Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000) (declining to provide appellant with relief despite PCRA court's failure to send required notice, where appellant failed to invoke jurisdiction of the trial court by pleading and proving the applicability of PCRA timeliness exceptions). Accordingly Appellant's claim that he is warranted relief by the PCRA court's failure to send notice pursuant to Pa.R.Crim.P. 907 is meritless.

[3] **Brady v. Maryland**, 83 S. Ct. 1194 (1963).

[4] Appellant also attempts to raise numerous other issues in the arguments section of his brief, which are not included in his Statement of Questions. As most of these issues do not implicate a time bar exception to the PCRA, per 42 Pa.C.S. § 9545(b)(1)(i)-(iii), we decline to address them.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 4/21/16, at 1. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[5] Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar. *See Bennett*, 930 A.2d at 1267. Essentially, Appellant claims that despite the untimeliness of his petition, he is entitled to PCRA relief based upon newly-discovered facts and government interference, namely, that the Commonwealth withheld evidence and committed a *Brady* violation. *See* Appellant's Brief at 1-3. Appellant admits his attorney was provided with discovery, but he asserts that counsel did not furnish Appellant with his own copy. *Id.* at 1.

The newly-discovered facts exception

---

[5] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on October 13, 2004, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Accordingly, he had until October 13, 2005, to timely file a PCRA petition.

has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed).

To establish the applicability of the government interference exception, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Although a *Brady* violation may fall within this exception, the petitioner must still plead and prove the statutory time bar exception. *See Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008). Specifically, an Appellant still must plead and prove that the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. *Id.* at 1253; *see also Commonwealth v. Lambert*, 884 A.2d 848, 852 (2005).[6]

---

[6] *Brady* requires that the prosecution disclose evidence favorable to the accused, including impeachment and directly exculpatory evidence, whether or not a request has been made for such evidence. *See Lambert*, 884 A.2d at 853. Evidence is material per *Brady* if there is a reasonable probability
*(Footnote Continued Next Page)*

With regard to the surveillance video, Appellant has not pleaded and proved a time bar exception either by newly-discovered fact or by governmental interference. First, the video was raised at trial and marked as Commonwealth Exhibit Four, despite never being introduced as evidence. *See* Notes of Testimony (N. T.), PCRA Hearing, 10/6/06, at 4. Further, during an evidentiary hearing in the course of Appellant's second PCRA proceeding, Appellant was provided an opportunity to view the video. *Id.* Thus, Appellant was aware of the video as of the time of his 2003 trial, and at the very latest, as of the time of the 2006 hearing. *See* Appellant's Brief at 8 (discussing Appellant's viewing of the video). Accordingly, Appellant has failed to establish that the evidence was either newly discovered, or withheld by the prosecution in violation of *Brady*.[7] *See Lambert*, 884 A.2d at 853; *Bennett,* 930 A.2d at 1272.

Similarly, the police report does not constitute a newly-discovered fact, nor does the alleged lack of disclosure amount to governmental interference. Appellant admits that discovery was provided to his attorney prior to trial, but claims he did not receive a copy of said discovery from his attorney. *See Lambert*, 884 A.2d at 853; *Bennett,* 930 A.2d at 1272.

---

*(Footnote Continued)* ————————————

that if the evidence had been disclosed to the defense, the outcome of the proceedings would have been different. *Id.* at 854.

[7] Further, the video was not exculpatory: the video was blurry, and impossible to discern the identity of any of the shooters. PCO at 11.

Moreover, Appellant admits he has been litigating the issue of discovery for years.

Finally, Appellant argues that the Commonwealth committed a *Brady* violation by refusing to disclose a ballistics report. *See* Appellant's Brief at 9. It is unclear from Appellant's pleadings whether this report actually exists. However, Appellant's pleadings also establish that the issue of a ballistics report was raised at the time of trial. *See* Appellant's Brief at 9. Accordingly, this is not a newly-discovered fact, nor has Appellant established government interference. *See Lambert*, 884 A.2d at 853; *Bennett*, 930 A.2d at 1272.

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim, and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017