J-S33030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KYLE CANTRELL | : | |
| | : | |
| Appellant | : | No. 2036 EDA 2021 |

Appeal from the PCRA Order Entered September 24, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002695-2012

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 7, 2023**

Appellant, Kyle Cantrell, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant facts of this appeal as follows:

> [Appellant] agreed to meet victim John Uhl (hereby "Victim") in order for the Victim to lend [Appellant] money. While walking down the street with Victim, [Appellant] inserted his hand into Victim's pocket and ordered Victim to surrender all his money.  Consequently, Victim then handed [Appellant] about $900.  Thereupon, [Appellant] pointed a semi-automatic firearm at Victim, as they were face to face, and threatened to shoot the victim if he did not walk away. In a call to the police, the Victim reported the robbery.  The police arrived and observed [Appellant] who fled as the police approached.  Police Officer Ann Brown testified that she observed [Appellant] throw a gun into a flowerpot, and the firearm was recovered.  The police brought [Appellant]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

> back to the scene where Victim identified him as the perpetrator.
>
> At trial, the Victim testified that he did not remember the Robbery or making a statement to police but, nonetheless, adopted his statement to police by identifying biographical information, his signature, and his handwriting. Victim also stated that he did not remember testifying at his preliminary hearing. The assistant district attorney then cross-examined the Victim as to his two prior, inconsistent statements to the police. Twice defense counsel unsuccessfully objected to the admission of the prior statement to police. The assistant district attorney also asked the Victim whether he had texted his mother that he was worried he would be shot if he testified against [Appellant]. Twice defense counsel unsuccessfully objected to this line of questioning. The victim at first denied this was the reason why he did not testify in court, but quickly admitted "I guess it had something to do with it," and that it "might be part of the reason why [he] repressed [his memory of the robbery]." N.T. [Trial,] 6/25/13, [at] 119-20.

(PCRA Court Opinion, filed 12/13/21, at 2-3).

On June 28, 2013, a jury convicted Appellant of two counts of robbery, one count of possessing an instrument of crime ("PIC"), and violations of the Uniform Firearms Act. On September 27, 2013, the court imposed an aggregate sentence of twelve (12) to twenty-four (24) years' imprisonment. This Court affirmed the judgment of sentence on December 16, 2014, and our Supreme Court denied Appellant's petition for allowance of appeal on April 9, 2019.[2] *See Commonwealth v. Cantrell*, 116 A.3d 688 (Pa.Super. 2014)

---

[2] After this Court affirmed the judgment of sentence, Appellant did not immediately file a petition for allowance of appeal. Consequently, the PCRA
*(Footnote Continued Next Page)*

(unpublished memorandum), *appeal denied*, 651 Pa. 576, 206 A.3d 491 (2019).

Appellant timely filed a *pro se* PCRA petition on July 16, 2019. The court appointed counsel, who filed an amended petition on June 23, 2020. In it, Appellant raised various claims of ineffective assistance of trial counsel for failing to object to certain evidence and failing to preserve a challenge to the weight of the evidence. On December 15, 2020, the Commonwealth filed a motion to dismiss the PCRA petition. On June 25, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond to the Rule 907 notice, and the court dismissed the current PCRA petition on September 24, 2021.

Appellant timely filed a notice of appeal on October 1, 2021. On October 19, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on October 21, 2021.

Appellant now raises three issues for our review:

> Trial counsel was ineffective by failing to preserve Appellant's weight of the evidence claim by not filing the necessary post-trial motions thereby precluding the raising of the issue on appeal[.]

> Trial counsel was ineffective for failing to preclude the introduction of text messages which falsely created the impression of witness tampering[.]

---

court reinstated Appellant's direct appeal rights *nunc pro tunc* on January 31, 2018.

> Trial counsel was ineffective for failing to object/move to strike the testimony of [Victim] because of his lack of memory/personal knowledge of the case.

(Appellant's Brief at 5).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Parker***, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

In his first issue, Appellant asserts that direct appeal counsel attempted to challenge the weight of the evidence supporting Appellant's convictions, but this Court determined that the argument was waived due to trial counsel's failure to preserve it. Appellant argues that trial counsel's "failure to preserve the [weight] argument in a post-sentence motion is a clear example of *per se* ineffectiveness." (Appellant's Brief at 11). Appellant concludes that he should be allowed to challenge the weight of the evidence *nunc pro tunc* due to trial

counsel's ineffectiveness.[3]  We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and

---

[3] Regarding Appellant's argument that trial counsel's failure to preserve the weight claim amounted to *per se* ineffectiveness, we emphasize that "a PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal." *Commonwealth v. Halley*, 582 Pa. 164, 173, 870 A.2d 795, 801 (2005) (quoting *Commonwealth v. Hernandez*, 755 A.2d 1, 9 n.4 (Pa.Super. 2000)).  Here, Appellant received a direct appeal where this Court addressed some of his claims on their merits. *See Cantrell, supra*.  Accordingly, this is not a case of *per se* ineffectiveness, and we proceed to analyze prior counsel's inaction under the traditional, three-part test for ineffectiveness. *See Commonwealth v. Grosella*, 902 A.2d 1290, 1293-94 (Pa.Super. 2006) (explaining petitioner was not entirely denied right to direct appeal, and only some of petitioner's issues were waived by prior counsel's inaction; petitioner must proceed under auspices of PCRA, and court should apply traditional, three-prong test for determining whether prior counsel was ineffective).

quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" ***Commonwealth v. Smith***, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting ***Commonwealth v. Geathers***, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting ***Pierce, supra*** at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. C. King***, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting

- 6 -

*Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

The following principles govern this Court's review of challenges to the weight of the evidence:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the … verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

A defendant must raise a weight claim with the trial court in the first instance. *See* Pa.R.Crim.P. 607(A). Specifically, "a weight challenge must be preserved either in a post-sentence motion, a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Cox*, 231 A.3d 1011, 1018 (Pa.Super. 2020). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Id.*

The Crimes Code defines the offense of robbery in pertinent part, as follows:

> **§ 3701.  Robbery**
>
> **(a)   Offense defined**.—
>
> (1)    A person is guilty of robbery if, in the course of committing a theft, he:
>
> *     *     *
>
> (ii)    threatens another with or intentionally puts him in fear of immediate serious bodily injury;
>
> *     *     *
>
> (iv)   inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]

18 Pa.C.S.A. § 3701(a)(1)(ii), (iv).  PIC is defined as:

> **§ 907.  Possessing instruments of crime**

**(a) Criminal instruments generally.—**A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S.A. § 907(a).

Further, the Uniform Firearms Act provides, in relevant part, as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \*

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.—**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

\* \* \*

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

>    (1)    such person is licensed to carry a firearm; or
>
>    (2)    such person is exempt from licensing under section
> 6106(b) of this title (relating to firearms not to be carried
> without a license).

18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108.

Instantly, this Court already summarized the relevant evidence supporting Appellant's convictions in its decision on Appellant's direct appeal:

> The jury properly heard [Victim's] preliminary hearing testimony as substantive evidence in which [Victim] stated that [Appellant] took all $910 that the victim had on him, and then threatened him with a gun when the victim tried to get it back. Viewed in the light most favorable to the Commonwealth, the evidence overwhelmingly demonstrates that [Appellant] was guilty beyond a reasonable doubt.
>
> *    *    *
>
> [Appellant] told the victim he had a gun, pulled it out and pointed it at [Victim] during the course of the robbery. Shortly thereafter, while fleeing from police, [Appellant] threw the gun into a flower pot. [Appellant] stipulated that he had been convicted of Possession with Intent to Deliver…. [Appellant] also stipulated that he had no valid license to carry a firearm. Together, the evidence satisfied each of the elements on all three weapons charges.

***Cantrell, supra*** at 7 (quoting Trial Court Opinion, filed 6/30/14, at 5-6).

The PCRA court reevaluated this evidence and concluded that Appellant "fails to identify any evidence used in his conviction that would 'shock the conscience of the court.'" (PCRA Court Opinion at 4). Given the relevant principles governing challenges to the weight of the evidence, we cannot say that the PCRA court committed an error of law in reaching this conclusion.

- 10 -

*See Champney, supra*; *Prater, supra*. Therefore, Appellant did not suffer prejudice as a result of trial counsel's failure to preserve a weight challenge for direct appeal, and Appellant is not entitled to relief on his first claim. *See Spotz, supra*.

In his second issue, Appellant contends that the prosecutor questioned Victim about text messages that Victim had sent before trial. "In short, the text messages were supposedly sent by [Victim] to his mother expressing a concern that he would be shot or harmed if he testified in this case." (Appellant's Brief at 11). Appellant acknowledges that trial counsel made a pretrial motion *in limine* to preclude the text messages. Nevertheless, Appellant argues that trial counsel should have raised another objection or called for a sidebar when the prosecutor commenced her line of questioning about the texts.[4] Appellant maintains that trial counsel did not have a reasonable basis for failing to object, and Appellant suffered prejudice "because the jury heard that [Victim] received text messages saying that if he appeared in court that he would be shot." (*Id.* at 12-13). Appellant concludes that he is entitled to a new trial due to counsel's purported ineffectiveness. We disagree.

"Relevance is the threshold for admissibility of evidence."

_____

[4] Appellant notes that trial counsel "did object to the question that elicited the text message, but the objection was for leading the witness and not because the text was unfairly prejudicial or not properly authenticated." (Appellant's Brief at 12).

- 11 -

*Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa.Super. 2015) (*en banc*),

*appeal denied*, 633 Pa. 787, 128 A.3d 220 (2015).

> Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or tends to support a reasonable inference or proposition regarding a material fact.  Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Commonwealth v. Danzey*, 210 A.3d 333, 342 (Pa.Super. 2019), *appeal*

*denied*, 656 Pa. 9, 219 A.3d 597 (2019) (internal quotation marks omitted).

> Regarding the exclusion of evidence, this Court has observed:

> A motion *in limine* is used before trial to obtain a ruling on the admissibility of evidence.  It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury.  A motion *in limine* … precludes evidence that was constitutionally obtained but which is prejudicial to the moving party.

*Commonwealth v. A. King*, 689 A.2d 918, 921 (Pa.Super. 1997) (internal

citations and quotation marks omitted).

Instantly, the parties discussed the admissibility of the text messages

prior to the start of trial.  At that time, trial counsel claimed that the prosecutor

"just handed" over printouts of the text messages "give or take, 45 minutes"

earlier.  (N.T. Trial, 6/25/13, at 66).  Trial counsel immediately requested "an

offer of proof with respect to these documents as to what [the prosecutor]

intends on doing with them, how she intends to admit them, and for what

purpose[.]" (*Id.*) The prosecutor responded that Victim might "testify in a manner that is not consistent with his previous testimony." (*Id.* at 67). The prosecutor wanted to introduce the text messages "to show why [Victim] is testifying inconsistently." (*Id.* at 68). Trial counsel then made a motion *in limine* "to limit any and all questioning" about the text messages. (*Id.* at 71). Before trial counsel provided specific reasons in support of his motion, the court cut him off. (*See id.*) The court announced that it wanted to start the trial, and it would address the motion *in limine* after Victim took the stand. (*See id.* at 71-72).

Trial commenced shortly thereafter, and the prosecutor presented Victim as her first witness. (*See id.* at 88). At the conclusion of the direct examination, the prosecutor began to explore Victim's feelings about participating in the trial. (*See id.* at 117). During this line of questioning, the prosecutor brought up the text messages by asking: "When your mom got in touch with you this afternoon, did you tell her that you were scared to testify?" (*Id.* at 119). Trial counsel immediately objected, but the court permitted the witness to continue before trial counsel could provide the basis for his objection. (*See id.*) The prosecutor continued to question Victim about the text messages, and trial counsel raised another objection based upon the prosecutor leading the witness. (*See id.*) Again, the court overruled the objection. (*See id.*)

Contrary to Appellant's assertions, our review of the record confirms

that trial counsel adequately attempted to preclude the introduction of evidence regarding the text messages. We reiterate that counsel cannot be found ineffective for failing to raise objections that were, in fact, raised. *See Commonwealth v. Tedford*, 598 Pa. 639, 707, 960 A.2d 1, 41 (2008) (explaining claim that trial counsel was ineffective for supposedly failing to object clearly lacked arguable merit because trial counsel did, in fact, object to the presentation of evidence). Therefore, there is no arguable merit to Appellant's assertion that trial counsel was ineffective for failing to preclude the introduction of the text messages, and Appellant is not entitled to relief on his second claim. *See Smith, supra*; *Poplawski, supra*.

In his third issue, Appellant contends that Victim had trouble remembering the robbery. When Victim explained that he had blocked certain events from his memory, the prosecutor impeached Victim with his original statement to the police and his preliminary hearing testimony. Appellant complains that Appellant's prior inconsistent statements were not admissible as substantive evidence because Victim's poor memory left him effectively unavailable for cross-examination concerning the prior inconsistent statements. Appellant insists that trial counsel should have objected to the introduction of the prior inconsistent statements on this basis. Appellant maintains that trial counsel had no strategic reasons for failing to object, and Appellant suffered prejudice due to counsel's inaction. Appellant concludes that he is entitled to a new trial due to counsel's purported ineffectiveness.

We disagree.

Hearsay is an out-of-court statement made by a declarant, which a party seeks to offer into evidence to prove the truth of the matter asserted in the statement. Pa.R.E. 801(c). Generally, hearsay is not admissible except as provided by the Pennsylvania Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute. Pa.R.E. 802. "The rationale for the hearsay rule is that hearsay is too untrustworthy to be considered by the trier of fact." *Commonwealth v. Charlton*, 902 A.2d 554, 559 (Pa.Super. 2006), *appeal denied*, 590 Pa. 655, 911 A.2d 933 (2006).

"Exceptions have been fashioned to accommodate certain classes of hearsay that are substantially more trustworthy than hearsay in general, and thus merit exception to the hearsay rule." *Id.*

> It is long settled that a prior inconsistent statement may be used to impeach a witness. Further, a prior inconsistent statement may be offered not only to impeach a witness, but also as substantive evidence if it meets additional requirements of reliability.

*Commonwealth v. Watley*, 153 A.3d 1034, 1040-41 (Pa.Super. 2016), *appeal denied*, 641 Pa. 750, 169 A.3d 574 (2017) (internal citations and quotation marks omitted).

> Prior inconsistent statements also can be admitted as substantive evidence provided the declarant testifies at trial and is subject to cross-examination concerning the statement and one of the following is true: 1) the prior inconsistent statement was given under oath subject to the penalty of perjury at a trial, hearing, deposition, or other proceeding; 2) the prior inconsistent statement is contained within a signed writing adopted by the declarant; and/or, 3)

- 15 -

the rendition of the statement offered is a verbatim contemporaneous recording of an oral statement.

*Commonwealth v. Henkel*, 938 A.2d 433, 442-43 (Pa.Super. 2007), *appeal denied*, 598 Pa. 756, 955 A.2d 356 (2008). **See also** Pa.R.E. 803.1 (stating same).

Instantly, the PCRA court determined that this claim did not possess arguable merit:

> Victim's prior statements—one made in writing to the police during their investigation and adopted, and one made under oath at a preliminary hearing—were both made under reliable circumstances. Thus, these prior statements represent hearsay exceptions.
>
> In any event, [Appellant] contends that because the Victim refused to answer questions about prior statements, [Appellant] was denied the ability to cross-examine the Victim, and the Victim was unavailable for cross-examination. [Appellant] argues that Victim was unavailable for cross-examination because he refused to answer questions about a prior statement. **See Commonwealth v. Romero**, 722 A.2d 1014 (Pa. 1999) (witness was not available for cross-examination when witness refused to answer questions about prior statement).
>
> * * *
>
> However, in **Romero**, the witness refused to testify or answer any questions, including questions concerning his prior inconsistent statements. Here, unlike in **Romero**, the assistant district attorney questioned the Victim about the prior statements, and the Victim answered questions about the prior statements. The Victim answered in the negative to nearly every question about whether he recalled making the statements and the events surrounding his making the statements. Furthermore, Victim was then subject to cross-examination, where defense counsel used the opportunity to ask him about his statements to police and at the preliminary hearing. Again, the Victim answered every

- 16 -

> question concerning whether he recalled making the statements and the events surrounding making the statements in the negative. Therefore, the instant matter differs critically from the facts of **Romero** where the witness refused to answer any questions about his prior statements. The instant matter is more factually similar to [**Commonwealth v. Carmody**, 799 A.2d 143 (Pa.Super. 2002),] where a witness being cross-examined was willing to testify regarding her prior inconsistent statements, despite claiming not to remember making these statements.

(PCRA Court Opinion at 7-8) (some internal citations omitted).

Our review of the trial transcript and relevant case law confirms the court's conclusion. Trial counsel conducted a full and thorough cross-examination of Victim. (**See** N.T. Trial, 6/25/13, at 124-131). Rather than refusing to answer trial counsel's questions, Victim simply did not remember the facts surrounding the robbery. This inability to remember did not render Victim's prior inconsistent statements inadmissible. **See Carmody, supra** at 148-49 (explaining victim was subject to cross-examination concerning her written statement, despite victim's testimony that statement was unreliable due to alcohol-induced blackout that she allegedly experienced when statement was written; thus, signed and adopted statement was admissible as substantive evidence). Therefore, there is no arguable merit to Appellant's assertion that trial counsel was ineffective for failing to object to Victim's testimony, and Appellant is not entitled to relief on his third claim. **See Smith, supra**; **Poplawski, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023